# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ANTONIO LAVELLE MARTIN**                                                        **PETITIONER**

**v.**                                                        **CIVIL ACTION NO. 3:08-CV-P498-H**

**COMMONWEALTH OF KENTUCKY**                                      **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Antonio Lavelle Martin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his right to speedy trial was being violated because of the length of time he has been a pretrial detainee at Louisville Metro Department of Corrections awaiting trial. Nothing in the petition or attachments thereto indicated that Petitioner has appealed the decision of the Jefferson Circuit Court denying his motion to dismiss for failure to grant a speedy trial. Therefore, this Court ordered that Petitioner show cause why his petition should not be dismissed for failure to exhaust his state-court remedies.

Petitioner's response (DN 6) states that since filing his § 2241 petition in this Court, his trial began (on October 14, 2008) and he pleaded guilty (on October 16, 2008). He argues that his guilty plea was obtained in violation of his constitutional rights to due process and against double jeopardy and that the fifteen-year sentence imposed on him on October 16, 2008, should be vacated by this Court because of the constitutional violations. He explains that the reason he chose to file the writ for habeas corpus rather than appeal the trial court's denial of his motion for a speedy trial was because he believed that writs are heard more quickly than appeals and because he believed that he was limited to only one appeal but could file more than one writ. He also states that he believes that he did exhaust his state remedies when the trial judge denied both of his motions for speedy trial.

Petitioner's response appears to raise constitutional challenges to his conviction which occurred on October 16, 2008. It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)[1]; *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner has offered no reason why his § 2241 petition should be considered exhausted. Consequently, the Court finds that Petitioner's petition for a writ of habeas corpus pursuant to § 2241 must be dismissed for failure to exhaust his state-court remedies.

---

[1] Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

### CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to

be debatable. Thus, no certificate of appealability is warranted in this case.

        The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner, *pro se*
           Respondent
           Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
              1024 Capital Center Drive, Frankfort, KY 40601
4412.009